Austin agt. Hinkley.

## SUPREME COURT.

### GUSTAVUS A. AUSTIN agt. SILAS HINKLEY.

Where defendant moves to change the place of trial for the *convenience of witnesses*, and the plaintiff *outnumbers* him—both swearing that their witnesses are necessary and material on the trial, the defendant gets beat.

An affidavit, which states the nature of the controversy, and shows how the witnesses are material, may not be defective, although it does not conform literally to all the requirements of the former practice.

*Clinton Special Term, Jan.,* 1856.

MOTION by defendant to change the place of trial from Washington to Clinton county.

PAIGE, Justice.    The defendant swears to twenty-seven witnesses, residing in, and adjacent to the county of Clinton ; and the plaintiffs to twenty-eight witnesses residing in the county of Washington.    Both parties, in their respective affidavits, allege that their respective witnesses are necessary and material on the trial.

As the plaintiff's witnesses outnumber those of the defendant, the motion to change the place of trial must be denied.

This ground being sufficient to justify the denial of the motion, it is not necessary to pass upon the objections to the form of the defendant's affidavit.

Where a party, in his affidavit, states the nature of the controversy, and shows how his witnesses are material, the affidavit may not be defective, although it does not conform literally to all the requirements of the former practice of the court.

The motion must be denied, without costs.

Under the old practice, no costs were allowed on motions to change the venue, unless the papers of the moving party were defective, in which case the motion was denied with costs. (4 *John.* 492.)