| 43 | 105 |
| 108 | 599 |
| 43 | 105 |
| 52a | 254 |
| 43 | 105 |
| 63a | 529 |
| 43 | 105 |
| 162 | 556 |

JAMES M. LATIMER *et al.*, Plaintiffs in Error, *v.* THE UNION PACIFIC RAILWAY, EASTERN DIVISION, Defendant in Error.

1. *Foreign Judgments — Jurisdiction of Courts of sister States — Territorial Limitation.*— To give a court jurisdiction, a real defendant, against whom the plaintiff is entitled to a judgment, must be found and served with process within the limits of its jurisdiction, or some property or chose in action must be found there against which the court can proceed *in rem.* Every attempt on the part of one nation or State, by its legislature, to grant jurisdiction to its courts over persons or property not within its territory is regarded elsewhere as mere usurpation; and all judicial proceedings in virtue thereof are held utterly void.

2. *Foreign Judgments — Jurisdiction of Courts of sister States — Proceedings in rem.*— To enforce any right of action against property, real or personal, it must be within the jurisdiction or possession of the tribunal assuming to give judgment against it.

3. *Foreign Judgments — Jurisdiction of Courts of sister States — Notice by Publication.*—A personal judgment obtained in a sister State, upon notice to the defendant by publication only, there being no appearance of defendant, will be deemed null and void outside the State in which it was rendered, and will support no action here.

4. *Foreign Judgments — Courts of sister States — Personal service upon Non-Residents temporarily within territorial jurisdiction of.*— Service of summons upon an officer of a foreign corporation, who happens to be temporarily in another State, and who does not voluntarily appear to the action, does not give the court of that State jurisdiction for the purpose of rendering personal judgment upon contracts made in .that State, or for debts due to residents thereof.

## Error to St. Louis Circuit Court.

This was a suit brought upon a judgment rendered in the State of New York against the defendant, which was a corporation under the laws of Kansas. The answer denied that there was any judgment, or any judgment that was binding. The judgment, when exhibited in evidence, showed that the service was made by serving a copy of the writ and petition upon Adolphus Meier, a director of the corporation. It was proved on the trial that the defendant had no office in New York, nor in the State of New York, nor had its officers any place of business in said State, and that Meier was only temporarily in New York; that he had no other office in said company than as director, and was not authorized to act for them. For his own information, merely, he made inquiries of

some lawyers about other suits of the company. The petition in the original case in New York averred that the contract sued on was made in that State.

*Sharp & Broadhead*, for plaintiffs in error.

I. The summons was served personally on Adolphus Meier, a director of the company, in the city of New York.

II. The cause of action arose in the city and State of New York. Subdivision 1 of section 134 of the code of procedure relating to the service of summons is as follows: "If the suit be against a corporation — to the president or other head of the corporation, secretary, cashier, treasurer, a director, or managing agent thereof; but such service can be made, in respect to a foreign corporation, only when it has property within this State, or the cause of action arose therein, or when such service shall be made within this State, personally, upon the president, treasurer, or secretary thereof." As it appears that the cause of action arose in the State of New York, the service upon a director is within the meaning of the foregoing section.

III. The defendant has never moved to set aside the judgment, and more than one year has elapsed since its rendition. (16 How. 129.) The service is good under the act of 1855. (Laws of N. Y., 1855, p. 470.) The second section of this act authorizes service on any person acting as agent for the corporation, or doing business for it. It appears that Adolphus Meier was doing business for the defendant in New York at the time of the service upon him.

IV. This is a judgment of a court of competent jurisdiction, and if a judgment might, under any circumstances, have been rendered against the defendant after service upon a director, this court is bound to presume that the facts and circumstances existed which authorized the judgment — *omnia præsumuntur rite et solemniter esse acta.* (Broom's Maxims, 637 ; 1 T. R. 145–6.)

V. The only question, then, which can arise in this case is, whether a corporation can be sued out of the State which created it. The doctrine of the common law was that it could not; but there is scarcely a State in the Union which has not, by express

statute, declared to the contrary. (Libby v. The Portland Stage Company, 9 N. H. 396; Moulin v. Insurance Co. 4 Zabr. 222.) If the corporation can be sued by service upon its agents, the State may certainly determine what agents may be served with notice — whether the president, cashier, or one of the directors; they are all but agents of the corporation, and the corporation can only act by its agents.

*Glover & Shepley*, for defendant in error.

I. This judgment, even in the State of New York, does not operate as a personal judgment, and the service thus made is regarded in that State only as a substitute for publication of notice of suit. The courts of the State of New York have uniformly held that the service of a summons upon any officer, even the president, of a foreign corporation, who happens to be temporarily in that State, and who does not voluntarily appear, does not give the court jurisdiction of the defendant (the corporation) for the purpose of rendering a personal judgment upon contracts made in that State, or for debts due to residents of that State. Such a service was to be regarded, for all practical purposes, as simply a statutory notice that proceedings were about to be instituted against defendant's property. (Hurlburt v. Hope Mut. Ins. Co., 4 How. Pr. 275 ; same case affirmed by full bench, *id*. 415 ; Brewster v. Mich. Cen. R.R. Co., 5 How. Pr. 183.)

II. The summons in this case being equivalent only to an order of publication, and it not being followed up by any attachment of defendant's property in the State of New York, the judgment is a nullity even in the State of New York. (Brewster v. Mich. Cen. R.R. Co., 5 How. Pr. 183.)

III. Even if the judgment upon such notice had been, in all respects, as effectual as any judgment within the limits of the State of New York, yet it is not competent for the legislature of the State of New York, in such a case as this, to authorize the court to give any judgment that should have any extra territorial force. (Sto. Confl. Laws, § 539 ; Hopkirk v. Bridges, 4 Hen. & Mum. 413 ; Miller v. Sharp, 3 Rand. 41 ; Norton v. Bodly, 4 Mon. 434 ; Maude v. Rodes, 4 Dan. 144 ; Hunt v.

Johnson, Freem. Ch. 282 ; Foster v. Glazener, 27 Ala. 396.) In the language of the Supreme Court of Alabama, in the case of Foster v. Glazener, 27 Ala. 396, "It is a well-settled principle of international law that every attempt on the part of one nation or State, by its legislation, to grant jurisdiction to its courts over persons or property not within its territory is regarded elsewhere as mere usurpation, and all judicial proceedings in virtue of it are held utterly void for every purpose." If the judgment rendered in New York is held to be a valid judgment here, then the effect is that, whenever a creditor of any corporation, residing in any State of this Union, can find any officer of any such corporation in or passing through the State of New York, the creditor, by serving a summons upon such officer, can compel the corporation to appear and litigate in the State of New York, perhaps thousands of miles away from its home and the transactions out of which the suit grew. (Darcy v. Ketchum, 11 How. 165; Moulin v. Insurance Company, 4 Zabr. 234, 245.)

The case quoted from 9 New Hampshire, 396, only holds that, by the law of the State, service as made there is sufficient, as that is equal to an order of publication, and, as attachment in that State issues upon all writs of summons, the *res* was before the court. In addition, the corporation had a place of business and officers in that State. The case cited by plaintiff from 16 Howard has no bearing upon the question, as it was against a domestic corporation, and only raises questions as to service upon such a corporation.

WAGNER, Judge, delivered the opinion of the court.

This was a suit brought upon a judgment rendered in the Supreme Court of the State of New York against the defendant, a corporation created under the laws of Kansas. The answer denied that there was any judgment that was binding on the defendant. It appears from the transcript that service of the summons was had upon Adolphus Meier, one of the directors of the corporation, whilst he was temporarily in the city of New York. There was no appearance at the return term, and judgment was taken by default.

It is alleged that the cause of action arose in that State, and that the service was good under the code of procedure in relation to the service of writs, which provides that "If the suit be against a corporation, the service shall be to the president or other head of the corporation, secretary, cashier, treasurer, a director, or managing agent thereof; but such service can be made in respect to a foreign corporation only when it has property within this State, or the cause of action arose therein, or when such service shall be made within this State, personally, upon the president, treasurer, or secretary thereof."

The well-established and settled principle is, that to give a court jurisdiction, a real defendant, against whom the plaintiff is entitled to a judgment, must be found and served with process within the limits of the jurisdiction; or some property or chose in action of his must be found there upon which the court can proceed *in rem.* Every attempt on the part of one nation or State, by its legislature, to grant jurisdiction to its courts over persons or property not within the territory, is regarded elsewhere as mere usurpation; and all judicial proceedings in virtue thereof are held utterly void. This proceeds upon the known maxim, "*Extra territorium jus dicenti impune non paretur.*" (Story Confl. Laws, § 539.)

As regards actions in the nature of proceedings *in rem,* there is very little difficulty. To enforce any right of action against property, either real or personal, it must be within the jurisdiction or possession of the tribunal assuming to give judgment against it. (Rose v. Himeley, 4 Cranch, 241.) Of this description may be cited the action of attachment. Where the proceedings by attachment terminate in a judgment against the person of the defendant, they rest upon the same grounds as other actions *in personam,* and must disclose the same kind of service of process. If there is a failure in this, the judgment will not be recognized in other jurisdictions as extending beyond the property actually seized or levied upon; and hence, a personal judgment obtained in a sister State, upon notice to the defendant by publication, only, there being no appearance of the defendant, will be deemed null and void outside the State in which it was rendered, and will support

8—VOL. XLIII.

no action here. ( Winston v. Taylor; 28 Mo. 82, and cases there cited.) The authorities all concur in denying jurisdiction in actions *in personam* over non-resident foreigners upon any thing short of actual notice given within the territorial limits of the forum, or voluntary appearance there.

In the case of D'Arcy v. Ketchum, 11 How. U. S. 165, it appeared that a judgment had been rendered in the State of New York in favor of Ketchum against Gossip and D'Arcy, upon a partnership note of theirs. There was personal service on Gossip, and no service on D'Arcy, who was an inhabitant of Louisiana. Judgment was rendered against him in accordance with a New York statute which provided that where joint debtors were sued, and one of them was brought into court, judgment should go against the others in like manner as if they were served with process, the service of process upon one being regarded as constructive service upon the rest.

An action upon this judgment was brought in the Circuit Court of the United States against D'Arcy. The court held that under the act of May 26, 1790, the record was entitled to full faith and credit, and gave judgment accordingly. This judgment of the Circuit Court was reversed in the Supreme Court on appeal, where it was held that the courts of New York acquired no jurisdiction over D'Arcy; and that, not being a citizen or inhabitant of that State, he could not be affected by laws to which he was not amenable.

The question which arises here seems to be well settled in New York, and the courts there have given the statute a practical construction.

In Hurlbert v. Hope Mutual Insurance Company, 4 How Pr. 275, it is decided, after great consideration in a well-reasoned opinion, that the service of a summons upon a president of a foreign corporation, who happens to be temporarily in that State, and who does not voluntarily appear to the action, does not give the court jurisdiction of the corporation for the purpose of rendering personal judgment upon contracts made in the State, or for debts due to residents of the State — such notice being simply regarded, for all practical purposes, as a statutory notice that

proceedings are about to be instituted against the property of the defendant, and that an action against a foreign corporation is to be deemed a proceeding against its property only, unless there is a voluntary appearance. In other words, it amounts to constructive notice only against the foreign corporation, and is a substitute for notice by publication. The same doctrine is repeated and affirmed in Brewster v. The Michigan Central Railroad Company, 5 How. Pr. 183. And in the very case mostly relied on by the plaintiff in error it is distinctly stated that the section of the code (§ 134) authorizing the service of the summons on the president, etc., of a corporation, is merely a substitution of that mode for service by publication, as provided in another section. (Bates v. New Orleans, etc., R.R. Co., 13 How. Pr. 576.)

The proceeding in this case was strictly *in personam*. It does not appear that the defendant had any property in the State of New York; and, if it had, no effort was made to subject it to the jurisdiction of the court. This being the case, and as there was no voluntary appearance of the defendant, the service of process on Meier was ineffective, and the judgment must be held null and void.

Judgment affirmed. The other judges concur.