———o———

James Ellison, Sen., Respondent, *vs.* Elizabeth Martin, *et al.*, Appellants.

1. *Practice, civil—Publication—Non-appearance—General judgment.*—General judgments cannot be rendered against a defendant merely upon order of publication, and not followed by appearance of defendant.

2. *Practice, civil—Actions in rem—Divorce.*—A divorce suit is a suit *in rem*, and the *res* is the status of the plaintiff in relation to the defendant.

3. *Practice, civil—Publication—Non-Appearance—Divorce—Judgment in rem— Query.*—Whether in a divorce suit by publication, not followed by appearance, property can be brought before the court by describing it in the petition, and demanding a judgment *in rem* for alimony ?

*Appeal from Adair Circuit Court.*

*DeFrance & Halliburton,* for Appellants.

I. On a notice by publication, a general judgment cannot be taken against a defendant who does not appear to the action. (Smith vs. McCutchen, 38 Mo., 415 ; Latimer vs. U. P. R. R. E. D., 43 Mo., 105 ; Fithian vs. Monks, 43 Mo., 502 ; Abbott vs. Sheppard, 44 Mo., 273.)

II. The sections of the statute, which provide for alimony and maintenance, contemplate a case where the defendant is in court by personal service or appearance. (W. S., 1008, § 13 ; 534, § 6 ; 535, § 13 ; 533, § 2.)

III. Where a party commences a suit against a non-resident defendant in which he wishes a judgment for money, and gives notice by publication, he must state the amount claimed in the publication; if he does not, the judgment will be void. (W. S., 1008, § 13; Haywood vs. Russell, 44 Mo., 252, and cases cited.)

*Ellison & Ellison*, for Respondent.

I. Alimony is an incident to a divorce suit. (2 Bish. on Mar. and Div., side p. 488.)

The court necessarily has the power to grant alimony, whenever it has the power to grant a divorce.

II. The woman is compelled to sue for a divorce where her home is at the time. (W. S., 533, § 2.)

The husband might abandon her, leave property, and be abundantly able to support her; and yet, if the appellant's position be true, she should starve and suffer amidst an abundance, because the husband had purposely gone beyond the reach of a summons.

It seems then naturally to follow from the very necessity of the thing, that alimony can be allowed on notice by publication. Again, a court in granting alimony does not do so by a regular judgment as in other cases, but simply gives it by order and as an incident to the main proceeding. (W. S., 534, § 6; 2 Bish., Mar. and Div., (4th Ed.) side p. 488; Lawson vs. Shotwell, 27 Miss., 630; Jones vs. Jones, 18 Maine, 308; 2 Story Eq., Jurisp., 908, (top p., 6 Ed.)

These cases from Mississippi and Maine show, that if the court has the right to grant the divorce, it in consequence has the right to give alimony. By section 6 (W. S., 534,) the court is authorized to give maintenance during suit.

III. The statute clearly indicates alimony should be granted. No petition for a review of any judgment of divorce shall be allowable; but there may be a review of any order touching the alimony as in other cases. (W. S., 535, § 11.)

IV. The husband's property, made so by his reducing it to possession before any divorce suit, can be divested out of him.

(W. S., 535, §§ 8, 9.) Could it be contended, that none of this could be done by order of publication?

ADAMS, Judge, delivered the opinion of the court.

This was a partition case, which resulted in a judgment for the sale of the lands for the purpose of division of the proceeds among the parties according to their respective interests therein as adjudged by the court.

The lands are situated in Adair county, and belonged to Rolla Martin, who died intestate, leaving seven heirs at law entitled to these lands, one of whom was Franklin, alias French Martin.

Parmelia Martin was the wife of French Martin, and instituted a suit for a divorce against him in the Lewis Circuit Court. In her petition for a divorce she alleged, that her husband, French Martin, was the owner of eighty acres of land in Adair County, but did not describe the land; she asked for alimony during the pendency of the suit, and for a final judgment for alimony, but did not demand any judgment against the land itself. The said French Martin was a non-resident of this State, and was proceeded against as such in the divorce suit by order of publication. He made no appearance, and a judgment by default was rendered against him, which was made final at a subsequent term. And at the time it was made final, the court also rendered a personal general judgment against him for two hundred dollars for alimony, and ordered execution to be issued thereon. An execution was issued on this general judgment, in favor of the wife, to the sheriff of Adair county, and levied on French Martin's interest in the land in dispute, and the sheriff sold such interest, and the plaintiff bought the same, and took the sheriff's deed therefor.

The only title set up by the plaintiff is predicated on this sheriff's deed.

The court held, that it conveyed to the plaintiff French Martin's interest in the premises, and that the plaintiff was entitled to one-seventh part of the lands or their proceeds.

37—VOL. LIII.

From this judgment the defendants have appealed to this court.

Several instructions were asked by the defendants, and refused by the court. And also an instruction at the instance of the plaintiff was given. None of the instructions fairly present the only point necessary to consider, and it is therefore unnecessary to set them out, or to comment on them.

It is manifest from the only evidence relied on by plaintiff, that he had no standing in court. He stood alone upon the sheriff's deed. If the judgment for alimony was void, the sheriff's deed was also void.

Our laws do not allow general judgments to be rendered against parties merely on publication of notice, and without appearance of the defendant. The Legislature never contemplated that such judgments might be given. (Smith vs. McCutchen, 38 Mo., 415.)

A judgment on order of publication can only be given in proceedings *in rem.*

A divorce suit is a proceeding *in rem*, and the *res* is the *status* of the plaintiff in relation to the defendant, to be acted on by the court. This relation being before the court in the person of the plaintiff, the court acts on it, and dissolves it by a judgment of divorce. But there was nothing before the court to act on in regard to alimony in this case.

Whether property can be brought before the court by describing it in the petition, and demanding a judgment *in rem* for alimony, is a question we are not now called upon to decide.

This judgment was a general judgment *in personam*, and such judgments cannot be rendered in this State merely on publication of notice.

Under this view, the judgment must be reversed and the cause remanded. The other Judges concur.