HEDRIX, Appellant, v. HEDRIX, Defendant; CHI-
CAGO, ROCK ISLAND & PACIFIC RAILWAY
COMPANY, Garnishee, Respondent.

**St. Louis Court of Appeals, December 1, 1903.**

1. **GARNISHMENT:** *Defense of Void Judgment.* It is the right
of the garnishee to make the defense that the judgment, upon
which the writ or garnishment is based, is void for want of
jurisdiction; and he must do so for his own protection.

2. **JUDGMENT:** *Collateral Attack.* Where it appears from the
whole record that the court had no jurisdiction, either over
the person of defendant or the subject-matter, the judgment is
void and will be so treated in a collateral proceeding.

3. **PROCESS:** *Personal Service on Non-Resident: Affidavit.*
Where, in an action for divorce, personal service was had out-
side of this State under section 582, Revised Statutes 1899, and
the affidavit, upon which such process was issued under section
575, after stating that the defendant was a non-resident so that
the ordinary process of law could not be served upon him,
omitted the words "in this State," the process was void and
conferred no jurisdiction over the defendant.

4. ———: ———: *Divorce: Alimony.* Personal service beyond
the limits of this State under section 582, Revised Statutes 1899,
does not authorize a personal judgment, and a judgment for
alimony in a divorce proceeding, rendered upon such service,
is void.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel
G. Taylor,* Judge.

AFFIRMED.

*James J. O'Donohoe* for appellant.

(1) The affidavit to the petition for divorce was
sufficient to authorize service of the summons on Wil-
liam P. Hedrix, in New Mexico. R. S. 1899, sec. 575;

Coombs v. Crabtree, 105 Mo. 292. Besides, it could not be collaterally attacked. Burnett v. McCluey, 92 Mo. 230. (2) The service of summons and copy of petition was sufficient and complied with the law, and gave the court jurisdiction and entitled the plaintiff to a judgment for alimony. R. S. 1899, sec. 582. Such service is due process of law. Henning v. Staed, 138 Mo. 430. (3) Judgments are presumed to be regular and valid, and this presumption is conclusive with respect to third parties who seek to collaterally attack said judgments. Charley v. Kelly, 120 Mo. 134. (4) "In collateral proceedings, the validity of judgments of courts of record will not be inquired into." And this is true, even if the judgments are void. The judgments and their recitals must be treated as correct until reversed. Holliday v. Jackson, 21 Mo. App. 668; Brenecker v. Miller, 44 Mo. 102. (5) Where a judgment is void, the motion should be to set aside the judgment, and such a motion can not be made by a third party, such as a garnishee; it must come from some person a party to the judgment. Craig v. Smith, 65 Mo. 536; Johnson v. Creve, 60 Mo. App. 170. (6) A judgment can never be vacated collaterally, even by a party to said judgment, and the same rule applies to executions. State to use v. Berry, 9 Mo. App. 42; McClellan v. Railroad, 103 Mo. 295; Beckner v. McLinn, 107 Mo. 277; Lewis v. Morrow, 89 Mo. 175; Dunham v. Wilfong, 69 Mo. 356; Hardin v. Lee, 51 Mo. 241.

*Sale & Sale* and *W. F. Evans* for respondent.

(1) It is not only the right, but it is the duty of the garnishee, in case the judgment is void for want of jurisdiction, to defend upon that ground. Smith v. McCutchen, 38 Mo. 415; Merc. Co. v. Bettles, 58 Mo. App. 384; Russell v. Grant, 122 Mo. 161; Hamill v. Talbott, 72 Mo. App. 22. (2) The judgment for alimony, rendered without any appearance in the divorce proceeding on the part of the defendant, where he was a non-res-

ident, and was served with a copy of the petition and summons outside of the State was without jurisdiction and utterly void. Pennoyer v. Neff, 95 U. S. 714; Wilson v. Railroad, 108 Mo. 588; Latimer v. Railroad, 43 Mo. 105; Abbott v. Shepherd, 44 Mo. 273; Ellison v. Martin, 53 Mo. 575; Hiles v. Rule, 121 Mo. 248; Hekkins v. Pfaff, 82 Fed. 403; Rigney v. Rigney, 127 N. Y. 408. (3) It appearing from the record that the court had no jurisdiction, and that the judgment is void, it will be so treated, even in a collateral proceeding. Adams v. Cowles, 95 Mo. 507; Hiles v. Rule, supra; Russell v. Grant, 122 Mo. 161. (4) Section 582, Revised Statutes 1889, does not authorize the rendering of a judgment *in personam* upon service on a non-resident defendant in the State other than that out of which the process issues, such service being equivalent only to an order of publication. Russell v. Grant, 122 Mo. 161; Orear v. Clough, 52 Mo. 55. (5) The affidavit filed with the petition, which stated that "the said defendant is a non-resident of the city of St. Louis, State of Missouri, and that the ordinary process of law can not be served upon him," is insufficient in that it fails to comply with the requirements of section 575, Revised Statutes 1899. Murdock v. Hillyer, 45 Mo. App. 287.

## STATEMENT.

In a statutory proceeding for divorce brought in the circuit court of the city of St. Louis, by appellant (plaintiff therein) William P. Hedrix was served by delivery to him, June 1, 1902, in the county of Colfax, Territory of New Mexico, by the sheriff of that county of a copy of the petition and summons. At the October term, 1902, the return term, defendant failed to appear in the cause, and a default was granted October 16, 1902, and November 5th, following, upon a hearing, final judgment was rendered and additional to awarding plaintiff a divorce and other relief asked, ordering de-

fendant to pay plaintiff the sum of twenty dollars per month alimony, the first payment to be made on the fifteenth day of November, 1902, and a like sum on the fifteenth day of each month thereafter. An execution was issued upon this judgment March 12, 1903, and a writ of garnishment thereunder served upon respondent on the same day, returnable to the April term of the court. Appellant filed interrogatories at the return term, and the garnishee filed a motion to quash the writ of garnishment, assigning a series of reasons why the judgment for alimony against the defendant in the cause for divorce, upon which the writ of garnishment was issued, was void, and the latter writ should be quashed. The court overruled plaintiff's motion for judgment against the garnishee for failure to make answer to the interrogatories submitted, and sustained the garnishee's motion to quash the writ of garnishment, and after proper preliminaries plaintiff has appealed.

REYBURN, J. (after stating the facts as above).— 1. It devolved upon the garnishee, not merely as the exercise of a right, but also as a duty and in self-protection, to make the defense, that the judgment, upon which the writ of garnishment was based, was void for want of jurisdiction. If the court rendering the original judgment had attempted to exercise jurisdiction without any legal foundation, the whole proceeding was void and no property or credits of defendant could be divested through it, and a garnishee voluntarily submitting to judgment for any amount in his hands belonging to the defendant, without interposing the defense of absence of jurisdiction, would neither be protected in the subsequent payment of such judgment, nor discharged from the indebtedness as against defendant, who could be deprived of his property only by due process of law. Mercantile Co. v. Bettles, 58 Mo. App. 384. In the words of an eminent commentator: "It follows, hence, that a garnishee must for his own protection, inquire, first,

whether the court has jurisdiction of the defendant, and next, whether it has jurisdiction of himself. If the jurisdiction exists as to both, he has no concern as to the eventual protection which the judgment of the court will afford him; it will be complete.'' Drake, Attachment, sec. 695.

2.    It is urged that the garnishee could not collaterally inquire into the validity of the judgment, but where the interests of a stranger to the record are about to be affected by the enforcement of the judgment, the latter may show that it was rendered without jurisdiction. Russell v. Grant, 122 Mo. 161. And the rule in this State has been declared to be that ''the question of jurisdiction must be tried by the whole record. Where it appears from the whole record that the court had no jurisdiction, either over the person or subject-matter, the judgment is void and will be so treated in a collateral proceeding.'' Adams v. Combs, 95 Mo. 507; Hiles v. Rule, 125 Mo. 248.

3.    The numerous grounds assigned by the garnishee for quashing the garnishment writ, condensed, are founded, first upon an attack on the affidavit of plaintiff to the petition for divorce, as not conforming to the statute; next, upon the proposition that the trial court had no jurisdiction of the person of defendant, and the judgment if enforced would deprive him of his property without due process of law; and, again, that the judgment as rendered was violative of the section of the Constitution of the State of Missouri, and of the fourteenth amendment of the Constitution of the United States, in substance, providing that no person should be deprived of life, liberty or property without due process of law, and if enforced would deprive defendant of his property without due process of law. The concluding reasons enumerated for the quashing of the writ impugn the constitutionality of section 582, of the Revised Statutes 1899, as contravening alike the provis-

ions of the above section of the State Constitution and of the fourteenth amendment of the Federal Constitution, and this court is precluded from their consideration, and they are not essential to the proper determination of the controlling proposition presented.

A proceeding for divorce is a proceeding *in rem,* only affecting the marital status of the parties to the marriage relationship, and a judgment rendered upon constructive service and in conformity to and valid under the law of the State, where the petitioner bona fide is a domiciled citizen, is valid in other States as well as where the judgment is awarded. Hamill v. Talbot, 72 Mo. App. 22; Gould v. Crow, 57 Mo. 200; 2 Black, Judgments (2 Ed.), secs. 925, 928, 929, 931 and 932. The method of actual service of process upon defendant beyond the territorial limits of the State, authorized by the statute, takes the place of the constructive service by publication provided by a preceding section. Secs. 575 and 582, R. S. 1899. But to legalize and render effective the issuance of process and to secure the jurisdiction of the court by service upon the defendant, the statutory requirements should be observed with scrupulous accuracy. Murdock v. Hillyer, 45 Mo. App. 287; Russell v. Grant, 122 Mo. 161. The statute under the authority of which this process was intended to be obtained, provides that if the plaintiff, in any of the causes mentioned in section 575 (of which divorce is one), shall make the affidavit required by such section, and file in the cause proof of service of process on any defendant, in conformity with the provisions of the section (thereinafter provided), the order of publication provided in section 575 and proof of its publication under section 581 shall be dispensed with. The form of the affidavit under section 575, shall state, that part or all of the defendants are non-residents of the State and can not be served in this State in the manner prescribed in this chapter. The affidavit accompanying the petition for divorce (omitting the statutory language peculiar to the

divorce proceeding), continues, "and that the said defendant is a non-resident of the city of St. Louis and State of Missouri, and that the ordinary process of law can not be served upon him." The important and significant words "in this State," are not found therein, and their absence renders the affidavit neither literally nor substantially in accord with the statute, and the process, therefore, was issued without warrant of law and was void, and conferred no jurisdiction over defendant upon the trial court.

4. In the opinion of this court, a true and correct interpretation of section 582, of the statute does not contemplate nor attempt to authorize, nor does it purpose a personal judgment based upon service of process on defendant beyond the boundaries of the State of Missouri. Whatever views at times may have prevailed in other States (2 Freeman Judgments (4 Ed.), sec. 567.), the courts of Missouri early recognized the principle, that the authority of a judicial tribunal was confined to the territorial limits of the State establishing it, and the line of decisions in this State recognizing that involuntary jurisdiction could be acquired of the person of defendant only by service of process upon him within the limits of the State, is unbroken. Smith v. McCutchen, 38 Mo. 415; Wilson v. Railway, 108 Mo. 588; Latimer v. Railway, 43 Mo. 105; Ellison v. Martin, 53 Mo. 575. The case of Ellison v. Martin, 53 Mo. 575, differed from the case at bar, only in the respect that service was had upon the defendant by publication, in lieu of the method of personal service now substituted by statute, and resorted to herein. The judgment for alimony therein was held void, as was the title obtained by execution sale thereunder, and the court in turn holds that the Legislature never contemplated that general judgments might be rendered merely on publication of notice without appearance of the defendant. Alike on principle and authority the judgment for alimony in the divorce pro-

American Brass Mfg. Co. v. Philippi.

ceeding was void, the garnishment writ was rightly quashed, and the judgment of the lower court is affirmed. Bland, P. J., and Goode, J., concur.