ANNA M. ELVINS, Respondent, v. WILLIAM ELVINS et al., Defendants; WILLIAM ELVINS, Appellant.

St. Louis Court of Appeals, July 16, 1913.

1. PROCESS: Service by Publication: Judgment in Personam. Service by publication or personal service beyond the limits of the State will not support a judgment *in personam*.

2. DIVORCE: Alimony: Process: Service by Publication. While a divorce suit is a proceeding *in rem* (the marriage status constituting the *res*), a personal judgment for alimony cannot be supported by constructive service upon the defendant.

3. MAINTENANCE: Jurisdiction: Process: Service by Publication. An order for support and maintenance *pendente lite* cannot be made and enforced without determining the jurisdiction of the court to make such an order on constructive service, since the question of jurisdiction underlies the power of the court to make and enforce any order affecting the rights of the defendant.

4. PROCESS: Service by Publication: Judgment in Personam: Maintenance. In an action by a wife for maintenance, under Sec. 8295, R. S. 1909, in which the administrator of an estate in which the husband had an interest was made a defendant and a judgment was asked enjoining him from paying such interest to the husband, an order allowing a sum to the plaintiff for support *pendente lite* out of the husband's estate and ordering that she recover such sum from defendant and have execution, could not be supported by service upon the husband by publication, whether or not the action could be maintained on such service as one *quasi in rem*, since the order did not seek to appropriate any distinct property to plaintiff's support nor have the characteristics of a judgment *in rem*, but was, in form, a general judgment to be enforced by execution.

Appeal from St. Francois Circuit Court.—*Hon. Peter H. Huck*, Judge.

REVERSED AND REMANDED.

*Politte Elvins* and *Edward A. Rozier* for appellant.

(1) The judgment appealed from is a judgment *in personam;* for it is for a definite sum of money to be recovered by fi. fa. execution from the general property of the defendant, William Elvins. Beyer v. Trust Co., 63 Mo. App. 521; State ex rel. v. Blair, 238 Mo. 154; Moss v. Fitch, 212 Mo. 484; Smith v. McCutcheon, 38 Mo. 415; Abbott v. Sheppard, 44 Mo. 273; Ellison v. Martin, 53 Mo. 575; Wilson v. Railroad, 108 Mo. 588; Mercantile v. Bettles, 58 Mo. App. 384. (2) The judgment for suit money in divorce proceedings, while having the marriage relation as the *rem* upon which the jurisdiction of the court depends, has been repeatedly held to be void when rendered upon constructive service. Ellison v. Martin, 53 Mo. 575; Hedrix v. Hedrix, 103 Mo. App. 47; Pennoyer v. Neff, 95 U. S. 714; Abbott v. Sheppard, 44 Mo. 273; Moss v. Fitch, 212 Mo. 484. (3) The record clearly discloses that William Elvins was brought into court by publication. Adams v. Coyle, 95 Mo. 507; Milner v. Shipley, 94 Mo. 109; Reed Bros. v. Nicholson, 93 Mo. App. 36. (4) The action being a personal one, and no *res* having been brought into court, the circuit court of St. Francois county acquired no jurisdiction. Mercantile Co. v. Bettles, 58 Mo. App. 384. (5) William Elvins, being at all the times of this litigation, a nonresident of the State of Missouri, and having been notified only by constructive service, was not subject to a judgment in personam. Milner v. Shipley, 94 Mo. 109; State ex rel. v. Scott, 104 Mo. 26; Land v. Bretz, 125 Mo. 418; McIntyre v. McIntyre, 80 Mo. 470; State ex rel. v. Seddon, 90 Mo. 523; Assurance Co. v. Waldron, 238 Mo. 62; Reed Bros. v. Nicholson, 93 Mo. App. 36; Bank v. Suman, 79 Mo. 523; Brown v. Langlois, 70 Mo. 226; Cloud v. Pierce, 86 Mo. 367; Adams v. Coyle, 95 Mo. 507. (6) The procedure adopted by appellant is well

supported by authority. Long v. Long, 78 Mo. App. 32; State ex rel. v. Karns, 78 Mo. App. 51; Thomasson v. Ins. Co., 114 Mo. App. 114; Newcomb v. Railroad, 182 Mo. 707; State ex rel. v. Seddon, 93 Mo. 520; Hedrick v. Hedrick, 157 Mo. App. 636.

*F. W. Fitch* and *Merrill Pipkin* for respondent.

(1) Where the wife's petition shows that the husband has absconded, or is a nonresident of the State, having property within the jurisdiction of the courts in the State such service may be had by publication as in other equitable cases. Rhoades v. Rhoades, 78 Neb. 459; Benner v. Benner, 63 Ohio St. 220; Hanscom v. Hanscom, 6 Colo. App. 97; Murray v. Murray, 115 Cal. 266; Hiner v. Hiner, 153 Cal. 256; Osgood v. Osgood, 153 Mass. 98; Hinds v. Hinds, 80 Ala. 225. (2) In a suit for maintenance, under a statute authorizing a court to grant separate maintenance where the husband, without just cause has deserted his wife, if the court is satisfied from the petition of the plaintiff (or evidence if he so orders a hearing thereon), that the plaintiff's suit is brought in good faith, that the husband has property, and the wife is without means, then no matter pertaining to the defense or question of the jurisdiction of the court over the parties will be entered into on such hearing for temporary maintenance *pendente lite*. Miller v. Miller, 33 Fla. 453; Milliron v. Milliron, 9 S. D. 181; Harding v. Harding, 144 Ill. 588; Storke v. Storke, 99 Cal. 62; Smith v. Smith, 113 Cal. 268. (3) In statutory maintenance cases, the court may subject and sequestrate the property. Meyerl v. Meyerl, 125 Mich. 607; Walcott v. Walcott, 114 Mich. 528. Appellant Williams Elvins both by his demurrer to the plaintiff's petition and by his appeal to this court from the order allowing temporary alimony or support *pendente lite,* has entered a general appearance in this case and jurisdiction is now acquired

for all purposes. 3 Cyc. 506; Rippstein v. Ins. Co., 57 Mo. 86; Johnson v. Tostevin, 60 Ia. 46; Thompson v. Assn., 52 Mich. 522; Carter v. Tallant, 51 Kan. 516; Chaffin v. Fulkerson, 95 Ky. 277; Pendleton v. Pendleton, 112 S. W. 674; Redick v. Newburn, 76 Mo. 423; Gant v. Railroad, 79 Mo. 502; Blunt v. Railroad, 55 Mo. 157; Witting v. Railroad, 28 Mo. App. 103; McCubrey v. Lankis, 74 Minn. 302; Lillard v. Brannin, 91 Ky. 511.

ALLEN, J.—Anna M. Elvins, the plaintiff, is the wife of the defendant, William Elvins. The action is one for maintenance of plaintiff and her minor child born of the marriage. The defendant, Carr Hartshorn, is the administrator of the estate of one Jesse M. Elvins, of which said estate the defendant, William Elvins, is a distributee.

The petition sets up the facts concerning the marriage of plaintiff to the defendant, William Elvins, in the State of Missouri, and the birth of a son, Thomas Lee Elvins, by that marriage, fourteen years of age at the institution of the suit, recites in detail the removal of plaintiff and said defendant from this State and the various changes in their places of abode thereafter; and plaintiff therein alleges ill treatment, neglect, nonsupport and desertion of herself and her infant son by said defendant, that she has been compelled to support herself and her said minor son, that she is without means whereby to provide for the support and maintenance of herself and said child, and that "plaintiff is informed and believes that said defendant is now residing in or near Bakersfield, Kern county, California."

The petition further alleges that the defendant, William Elvins, is a son and one of the heirs at law of one Jesse M. Elvins, deceased, and entitled to a share in the estate of the latter; that said estate is of the reasonable value of seventy thousand dollars, and

that the share of said defendant Wm. Elvins therein is of the value of at least twelve thousand, five hundred dollars; and that the defendant, Carr Hartshorn, is the duly qualified administrator of said estate; and that, aside and apart from his said interest in the estate mentioned, the defendant, William Elvins, has no property or money within the jurisdiction of this court, or elsewhere, so far as plaintiff is advised.

The plaintiff prays judgment against defendant William Elvins in the sum of $3600, and that the court make a reasonable allowance for the support and maintenance of the plaintiff and of her minor child until the latter becomes of age, and for attorney's fees, and prays that the defendant, William Elvins, be enjoined from selling, assigning, transferring or disposing of his interest in the estate of Jesse M. Elvins, deceased, or any part thereof, and that the defendant, Carr Hartshorn, as administrator of said estate, be enjoined and restrained from paying over to the defendant, William Elvins, or anyone else, any portion of said estate belonging to defendant William Elvins, pending the determination of this suit.

The defendant administrator, Carr Hartshorn, was personally served with summons in this State. A summons was issued to any sheriff of the State of California for defendant William Elvins, the appellant here, and personal service was had upon him in said State. Thereafter appellant, appearing for the purpose of the motion only, filed a motion to quash the return of the service of the said summons upon him, which motion was by the court sustained. Thereupon plaintiff filed an affidavit of nonresidence of appellant, and the court ordered that he be notified by publication, and publication thereof was duly made.

Thereupon appellant, limiting his appearance specially for the purpose thereof, filed a plea averring "that plaintiff ought not to have nor maintain her action herein, because neither the plaintiff nor this de-

fendant is now or was at the time of the commencement of this action a resident of the State of Missouri, but that the plaintiff is and was at the time of the commencement of this action a resident of the State of Nebraska, and that this defendant is, and was at the time of the commencement of this action a resident of the State of California, and was not found either in this State or elsewhere.''

This plea was by the court overruled. Thereafter the plaintiff filed in the cause a motion for allowance for maintenance *pendente lite* and suit money. This motion came on to be heard, appellant not appearing, and was by the court sustained, and the sum of $350 was allowed the plaintiff ''out of the estate of defendant for her support and maintenance;'' and it was adjudged by the court ''that she have and recover from defendant said sum of $350 and have execution.''

The only question raised by the appeal relates to the jurisdiction of the court to make the order appealed from, in view of the fact that the service as to defendant William Elvins was by publication. The action, as is conceded by respondent, is based upon a special statute, viz., Section 8295, Revised Statutes 1909, which is as follows:

''When the husband, without good cause, shall abandon his wife, and refuse or neglect to maintain and provide for her, the circuit court, on her petition for that purpose, shall order and adjudge such support and maintenance to be provided and paid by the husband for the wife and her children, or any of them, by that marriage, out of his property, and for such time, as the nature of the case and the circumstances of the parties shall require, and compel the husband to give security for such maintenance, and from time to time make such further orders touching the same as shall be just, and enforce such judgment by execution, sequestration of property, or by such other lawful means as are in accordance with the practice of the

court; and as long as said maintenance is continued, the husband shall not be charged with the wife's debts, contracted after the judgment for such maintenance.''

In connection with the section above quoted, the subsequent section, 8301, may be noted. That section is as follows:

''The petition of a married woman for any of the purposes before mentioned may be filed and the case heard and determined in the circuit court, and the like process and proceedings shall be had as in other civil suits.''

By section 1770, service by publication is authorized:

''In suits in partition, divorce, attachment, suits for the foreclosure of mortgages and deeds of trust, and for the enforcement of mechanics' liens and all other liens against either real or personal property, and in all actions at law or in equity, which have for their immediate object the enforcement or establishment or any lawful right, claim or demand to or against any real or personal property within the jurisdiction of the court.''

It must be conceded that, if the order here appealed from is purely a judgment *in personam,* then the court can acquire jurisdiction to make the order only by personal service within the limits of this State; for it is well settled that service by publication, or personal service beyond the limits of the State, will not support a judgment *in personam.* [Assurance Co. v. Walden, 238 Mo. 49, 141 S. W. 595; Priest v. Capitain, 236 Mo. 446, 139 S. W. 204; Moss v. Fitch, 212 Mo. 484, 111 S. W. 475; State ex rel. v. Blair, 238 Mo. 132, 142 S. W. 326; Crim v. Crim, 162 Mo. 544, 63 S. W. 489; Wilson v. Railroad, 108 Mo. 588, 18 S. W. 286; Ellison v. Martin, 53 Mo. 575; Latimer v. Railroad, 43 Mo. 105; Smith v. McCutcheon, 38 Mo. l. c. 417; Hedrix v. Hedrix, 103 Mo. App. 40, 77 S. W. 495.]

While a divorce suit is a proceeding *in rem,* the marriage status constituting the *res,* a personal judgment for alimony therein cannot be supported by constructive service upon the defendant. [See Hedrix v. Hedrix, supra; Ellison v. Martin, supra; Moss v. Fitch, supra.] And even if a State statute purports to authorize the rendition of a personal judgment against a nonresident defendant upon either service by publication or personal service beyond the limits of the State, such statute would be utterly void as to such extraterritorial service. [See Priest v. Capitain, supra; Wilson v. Railroad, supra; Moss v. Fitch, supra, l. c. 500.]

Learned counsel for respondent contend, in the first instance, that an order for support and maintenance *pendente lite* may be made and enforced without any determination of the question of the jurisdiction of the court. In this, however, counsel are in error, for the question of jurisdiction underlies the power of the court to make and enter any order affecting the rights of the defendant.

Respondent's counsel then urge that this action, although brought under our statute, is one to appropriate property of a nonresident husband, situated within the jurisdiction of the court, to the support and maintenance of the wife and child of such husband, and that, in such an action, the court may acquire jurisdiction upon service by publication as to such defendant. The theory of counsel in this regard is that the action is one *quasi in rem;* that, by making the administrator of the estate of Jesse M. Elvins, deceased, a party, and seeking thereby to reach the interest of the defendant husband, in said estate, the court acquired jurisdiction, without personal service being had upon the husband, to subject such property to the payment of plaintiff's claim for support and maintenance.

In support of the theory thus advanced, we are cited to cases in other jurisdictions, where it has been held that the court may acquire jurisdiction over the property of the nonresident husband, situated within its limits, and appropriate the same to the satisfaction of the wife's claim for support and maintenance or for alimony. A case upon which respondent places much reliance is Roades v. Roades, 78 Neb. 495. That was an action for maintenance, the husband being a nonresident and having real property within the jurisdiction of the court. The plaintiff prayed the court to determine a reasonable sum due from the defendant for her support and maintenance, that the interest of the defendant in the real property be subjected to the payment thereof, and that a receiver be appointed to take charge of such property, etc. Service was had upon the defendant by publication, and it was held that the court thus acquired jurisdiction to appoint a receiver for defendant's property and to appropriate the same to the maintenance of his wife and child. It appears that the service by publication was had pursuant to a Nebraska statute, providing that such service may be made "in actions brought against a nonresident of this State, or a foreign corporation, having in this State property or debts owing to them, sought to be taken by any of the provisional remedies or to be appropriated in any way." It was held that the action was one "substantially" *in rem,* and that jurisdiction to subject the property of the defendant within the territorial jurisdiction of the court to its judgment could be acquired by the service of process by publication and the placing of the property in the hands of a receiver.

Other cases to which we are referred by learned and diligent counsel for respondent, in which the property of a nonresident husband has been appropriated to the payment of the wife's claim for support and maintenance upon constructive service by publication,

proceed upon the theory that, though the suit is not one by attachment, nevertheless, by a seizure of the property, as by the appointment of a receiver therefor, or by the issuance of some form of process, seeking to appropriate it to the payment of plaintiff's demand, the action becomes one *quasi* or "substantially" *in rem,* and that jurisdiction to subject such property to the court's judgment may be acquired through service by publication, where the statute of the jurisdiction appears to be broad enough to authorize such service. Such are Murray v. Murray, 115 Cal. 266, 56 Am. St. Rep. 97, 37 L. R. A. 626, where a receiver was appointed, and Benner v. Benner, 63 Ohio St. 220, where it was held that the issuance of a prelimination injunction was sufficient to bring the property within the control of the court.

In Hanscom v. Hanscom, 6 Colo. App. 97, a court of equity, upon like service, assumed jurisdiction, where the plaintiff sought to charge her nonresident husband's property with her alimony, to set aside conveyances made in fraud of her rights. And in Blankinton v. Blankinton, 141 Mass. 432, it was held "that the courts of that commonwealth had jurisdiction in an action brought therein by the wife for the support of herself and child, to make and enforce an order against the property of the husband in that State, for the payment of a sum of money to her for such support, although the only service of process of the husband was made in another State, to which he had removed, and there was no attachment or seizure of the property before judgment. The jurisdiction in such a case is placed by the court upon the ground that the proceeding relates to the status of the parties, and the order for the payment of the money is not founded on an isolated obligation, as in case of contract or tort, but upon a continuing duty of the husband growing out of the marital relation, the enforcement of which is necessary to secure the comfort and maintenance of

the party living within the jurisdiction." [See Benner v. Benner, supra, l. c. 228.]

There appears to be no authority in this State to support respondent's position. In Ellison v. Martin, 53 Mo. 575, it is remarked: "Whether property can be brought before the court by describing it in the petition, and demanding a judgment *in rem* for alimony, is a question we are not now called upon to decide." We are pointed to no case in this State in which a wife has attempted to thus proceed *in rem* against the property of a nonresident husband, to appropriate such property to the payment of alimony or maintenance. It is to be observed that section 8295, supra, provides that the court may order and adjudge support and maintenance to be provided and paid by the husband for the wife and her children by the marriage, out of the husband's property, and compel the latter to give security therefor, and may enforce such judgment by execution, sequestration of property, etc. Section 8301, supra, however, provides that in such actions "like process and proceedings shall be had as in other civil suits." [See Newton v. Newton, 32 Mo. App. 162.] It would seem, then, that the right to proceed *in rem*, upon service by publication, in such an action, if at all, must be derived from the provisions of section 1770, supra. It is to be observed also that the only way in which the property is here sought to be proceeded against as *in rem* is by the issuance of an injunction against an administrator of an estate in which the defendant is a distributee.

These questions however pertain to the case in chief, which is not before us; and, upon an inspection of the order here appealed from, it appears unnecessary for us to pass judgment upon plaintiff's right to maintain her action as brought. The order making an allowance for plaintiff's support and maintenance, *pendente lite*, appears upon its face to be a judgment *in personam*. It allows plaintiff the sum of $250 for sup-

port and maintenance, "out of the estate of defendant," and it is ordered "that she have and recover from defendant said sum of $350 and have execution." Such is the order from which the appeal is prosecuted. It does not appear that it is thereby sought to appropriate any district property of the defendant to plaintiff's support and maintenance, nor does it in any way appear to have the characteristics of a judgment *in rem*. On the contrary, it is in form a general judgment for support and maintenance *pendente lite*, to be recovered by execution from the general property of the defendant. This being true, it cannot, under the authorities to which we have referred above, be supported by service by publication. We are, therefore, of the opinion that the court was without jurisdiction to make such order and that the same is void.

For the reasons given above, the judgment here appealed from must be reversed, and the cause remanded. It is so ordered. *Nortoni, J.,* concurs; *Reynolds, P. J.,* not sitting.