## LOUISA G. WILSON, Appellant, v. GEORGE G. GIBSON, Respondent.

**St. Louis Court of Appeals.   Opinion Filed February 5, 1924.**

**JUDGMENTS:** Canadian Judgment: Rendered Without Appearance or Proper Notice: Not Basis for Cause of Action in Missouri. In an action based upon a foreign judgment, where it appears that a suit on a note was instituted in Canada against a resident of Missouri, and a printed form of process was issued and served on defendant in the city of St. Louis, and thereafter a lawyer in Canada for defendant filed a motion in the case the substance of which was that defendant did not and could not have time, under the requirements of the notice served upon him, to appear and defend the action, and afterwards a judgment was rendered against defendant, reciting upon its face that the defendant did not appear, *held* that a judgment rendered in Canada, under such circumstances, without any proper notice or voluntary appearance, could not afford the basis of a cause of action in Missouri.

Appeal from the Circuit Court of the City of St. Louis.— *Hon. Robert W. Hall,* Judge.

AFFIRMED.

*Grant & Grant* for appellant.

(1)   Plaintiff sues, not as executrix, but in her own name as trustee of an express trust, on the Canadian judgment.   Tittman v. Thornton, 107 Mo. 500; Hail v. Harrison, 21 Mo. 227.   (2)   The effect of the filing of the motion by Mr. Garrow, defendant's solicitor, was that de-

fendant thereby submitted himself to the jurisdiction of the Canadian court, even though the process or its service were invalid. The court itself, by its subsequent personal judgment against the defendant, solemnly held as a matter of record that the defendant had submitted himself to the jurisdiction of the court. (3) The manifest purpose of the motion of Mr. Garrow is to obtain further time in which to plead to the action. It is in no sense a plea to the jurisdiction of the court. (4) It is also the Missouri rule that a request for an extension of time in which to plead is a waiver of any question of the jurisdiction of the court. Harrison v. Murphy, 106 Mo. App. 465. An assent to a continuance, an application for a change of venue and a request that the case be put at the foot of the docket are each of them a waiver of any question of jurisdiction and an appearance in a cause sufficient to give the court jurisdiction over the person of the defendant. Baisley v. Baisley, 113 Mo. 544; Peters v. Railroad, 59 Mo. 406; Taylor v. Railroad, 68 Mo. 397; Orear v. Clough, 52 Mo. 55. (5) In order for an appearance to be special, the order, plea or motion must expressly state that the application is only for the purpose of excepting to the jurisdiction, or at least must so show on its face. Wechsler v. Davis, 209 Mo. App. 570, (citing 2 R. C. L. 322); Nicholes v. The People, 165 Ill. 502; Reid v. Chilson, 142 N. Y. 152. In Ontario, also, the defendant may enter a conditional appearance or an appearance under protest. Howland v. Ins. Co., 16 Ont. Practice Reports 514.

*Wm. F. Smith,* for respondent.

NIPPER, C.—Plaintiff, a resident of the Province of Ontario, Canada, brought suit against the defendant, a resident of the city of St. Louis, such action being based upon a foreign judgment.

In 1899, the defendant borrowed from his father, Samuel Gibson, then of Ontario, Canada, the sum of $2000. He gave his father his note for the above amount,

with interest, payable quarterly. The note was not paid when due, but was carried by the father up to the time of his death in 1918. After the father's death the son paid the interest to his stepmother, she being executrix, and also the mother of the plaintiff, who was a half-sister of the defendant. In 1919, suit was instituted against the defendant in Canada. Upon filing of the suit, the judge made an order giving plaintiff the right to issue summons for service on the defendant in the city of St. Louis. A written or printed form of process was issued and served on the defendant in the city of St. Louis. The service was made by one Albert G. Trester. Defendant then corresponded with a certain lawyer in Canada, which lawyer filed a motion in the case, which seems to be permissible there, the substance of which was that defendant did not and could not have time, under the requirements of the notice served upon him, to appear and defend the action. It appears that afterwards judgment was rendered against defendant. This judgment was dated the 15th day of January, 1920, which judgment was in words and figures as follows: ·

"The defendant not having appeared herein, it is this day adjudged that the plaintiff recover against the said defendant $2258.33 and costs to be taxed, which costs have been taxed and allowed at $63.25 as appears by Taxing Officer's Certificate dated the 15th day of January, 1920."

In our view of the case, it is unnecessary to deal at great length with the facts further than as above stated. It appears that, under the procedure in the country where the judgment was rendered, such judgment may be rendered without any appearance of the defendant other than as indicated. But, even if that be true, under the law as we view it, the judgment sued upon is insufficient upon which to base an action here.

In Bischoff v. Wethered, 76 U. S. 812, it was held that a judgment recovered in the Common Pleas at Westminster, England, against a person in the United States, without any service of process on him, or any notice of the suit other than a personal one, served on him in the

Wilson v. Gibson.

city of Baltimore, has no validity in this country, even of a prima-facie character.

To give effect to appellant's contention that there was appearance in this case of a sufficient character to make the judgment valid, we would have to impeach the very judgment upon which she bases her cause of action, because such judgment recites on its face that the defendant did not appear; and, if the defendant did not appear, a judgment rendered in Canada, under such circumstances, without any proper notice or voluntary appearance, could not afford the basis of a cause of action here. [See Latimer et al. v. The Union Pacific Railway, 43 Mo. 105; Tremblay v. Insurance Co., 97 Me. 547.] Plaintiff, of course, does not contend that the service of process had in the city of St. Louis was sufficient service upon which a personal judgment could have been rendered, but contends that defendant appeared by counsel, and such was sufficient. But, as stated, to uphold this theory we would have to disregard the language used in the judgment itself. And, as held in Bischoff v. Wethered, supra, whatever validity this judgment may have in Canada by virtue of the law of that country against property of the defendant here situate, it can have no validity here. [Moss v. Fitch, 212 Mo. 484, 111 S. W. 475.]

It follows, therefore, that the judgment of the circuit court should be affirmed. The Commissioner so recommends.

PER CURIAM:—The foregoing opinion of NIPPER, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Allen, P. J., Becker* and *Daues, JJ.,* concur.