Paula Beth HOLLY, Respondent,

v.

Donald Eugene HOLLY, Appellant.

No. 26099.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 22, 2004.

James B. Fleischaker, Fleischaker & Williams & Powell, Joplin, for Appellant.

No appearance for Respondent.

JOHN E. PARRISH, Presiding Judge.

Donald Eugene Holly (husband) appeals a judgment denying his Motion for Relief from Void Judgment. Husband contends an earlier judgment entered in the action for dissolution of marriage brought by Paula B. Holly (wife) was void because the court that entered the judgment failed to obtain personal jurisdiction over him. He sought relief pursuant to Rule 74.06(b). The trial court denied husband's request. This court reverses and remands with directions for further proceedings by the trial court.

Wife filed an action for dissolution of marriage in the Circuit Court of Jasper County, Missouri, in August 1997. The petition alleged husband resided at 23 Amberly Way, Carrolton, Georgia. Wife's attorney in the dissolution action requested the circuit clerk to "have [husband] served via certified mail at the following address: 23 Amberly Way, Carrolton, GA 30116–8318." Records in the dissolution case show "Summons/w Petition for Dissolution of Marriage sent Certified Mail to [husband]" on August 8, 1997. A docket entry dated August 29, 1997, states, "Domestic Return Receipt filed by Post Office showing receipt of mail signed by [husband]."

Judgment was entered in the dissolution action October 22, 1997, reciting that wife

had appeared with her attorney but husband, "having been duly served," did not appear. The judgment dissolved the marriage, awarded custody of the parties' child, born April 23, 1994, to wife. It directed wife to "provide medical insurance for the benefit of the minor child with [wife] and [husband] sharing equally the cost of any non-covered medical expenses." Husband was ordered to pay to wife child support in the amount of $380 per month. The judgment also distributed marital and non-marital property.

Husband and his attorney appeared at the hearing on the motion that is the subject of this appeal. Wife appeared by her attorney. Husband was the only witness. Husband testified that at the time the dissolution action was filed, he was residing at 28 Amberly Way, Carrolton, Georgia. He told the trial court that he had not received a summons and copy of the petition that he later learned had been filed in Missouri; that he had not signed any receipt for certified mail. Husband was shown a signed receipt for certified mail that had been filed in the dissolution action. He said he did not recall ever having seen it. He said what appeared to be a signature on the card was not his signature.

Husband said he first learned that wife had filed an action to dissolve their marriage after he left Carrolton and took a job in Dallas, Georgia; that he tried to call his family and learned the number had been disconnected. He said he called his parents who lived in Southwest City and was told wife "had sold everything and went to Florida."

On cross-examination husband acknowledged that his and wife's marriage took place in Missouri; that a child was born of that marriage. He was asked if the child was conceived in Missouri. He answered, "Yes." Husband told the trial court he had no way of contacting wife until she called him and told him he owed her $16,000.

The trial court took husband's motion under submission. Judgment denying the motion was entered January 7, 2004. The judgment recites, "[A]fter reviewing suggestions filed by the parties, court's notes, and being fully advised in these premises, [the Court] finds and concludes that personal service was obtained and the Court acquired jurisdiction to enter a general judgment, including the Order for Child Support. In so doing, the Court also finds [wife's] former counsel ... gave an incorrect address, but that actual receipt of notice was and is sufficient to obtain personal service and allow entry of general judgment."

Husband presents one point on appeal. He contends the trial court erred in denying his Motion for Relief from Void Judgment because he was never served with process in a manner authorized by Missouri rules or statutes.[1] The only attempt to obtain service on husband in the dissolution action brought by wife was by certified mail. The trial court concluded that husband "executed the return receipt he says he had not seen." Based on that determination, the trial court found that "personal service was obtained and that it acquired jurisdiction to enter a general judgment, including the order for child support."

---

1. Respondent filed no brief in this case. Although no penalty is prescribed for a respondent's failure to file a brief on appeal, when this occurs the appellate court is left with nothing to aid in the disposition of the appeal other than the appellant's brief. The dilemma this presents is that the court must resolve the case without the benefit of the respondent's authorities and points of view.

■ Rule 54.14 prescribes what is required to obtain personal service on a party to a Missouri proceeding outside the state. It provides:

(a) **By Whom Made.** Personal service outside the state shall be made:

(1) By a person authorized by law to serve process in civil actions within the state or territory where such service is made, or by the deputy of a person so authorized;

(2) By a person appointed by the court in which the action is pending.

(b) **Upon Whom.** The service of process shall be made as provided in Rule 54.13(b).[2]

(c) **Acknowledgment.** Acknowledgment of service by mail may be made as provided in Rule 54.16.[3]

■ There was no personal service had or attempted on husband. Rather, what was attempted was service by certified mail pursuant to Rule 54.12(b), service that is available for in rem or quasi in rem actions.[4] *See* Rule 54.12(a).

Rule 54.12(b) states:

**Service by Mail.** A party requesting service by registered or certified mail shall file an affidavit made by the party or by someone on behalf of the party, stating:

(1) Why personal service cannot be had in this state on the party to be served by mail, and

(2) The name and address of the party to be served by mail.

The clerk shall thereupon mail to the party to be served a summons and copy of the pleading by registered or certified mail, requesting a return receipt signed by addressee only.

The trial court found that the service that was effected was "sufficient to obtain personal service and allow entry of general judgment." Husband argues this was error. This court agrees.

■ The trial court, as this court understands the judgment it rendered on husband's motion for relief from the earlier judgment, found husband had actual notice of the pending dissolution action; that this was sufficient for the trial court to have had authority to enter a general judgment. "Although a [party] may receive notice that satisfies the minimum standards of due process, this alone 'does not obviate the necessity of serving process in the manner prescribed in our statutes and rules.' *Acapolon Corp. v. Ralston Purina Co.*, 827 S.W.2d 189, 196 (Mo. banc 1992). Absent proper service, any judgment rendered over a party is void." *Rodriguez v. Rodriguez*, 975 S.W.2d 485, 488 (Mo.App.1998).

Personal service of summons was required in order for the trial court to have had authority to enter a general judgment. *State ex rel. Childers v. Kirby*, 256 S.W.

---

**2.** Rule 54.13(b) provides for personal service to be made "[u]pon an individual . . . by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person of the individual's family over the age of fifteen years, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process."

**3.** Rule 54.16 permits summons to be served by regular mail upon acknowledgement being completed by a defendant in the manner prescribed by that rule. Rule 54.16 is not applicable to the type of service of process attempted in this case.

**4.** "While a divorce suit is a proceeding in rem, the marriage status constituting the res, a personal judgment . . . cannot be supported by constructive service upon the defendant." *Elvins v. Elvins*, 176 Mo.App. 645, 159 S.W. 746, 748 (1913).

546, 547 (Mo.App.1923); *Chapman v. Chapman*, 194 Mo.App. 483, 185 S.W. 221, 223 (1916). That did not occur in this case. The general judgment purportedly entered was, therefore, void. The trial court had no jurisdiction over husband's person and, therefore, lacked jurisdiction to enter in personam orders with respect to him. The parts of the dissolution judgment that undertook to enter any personal judgment were void from their inception. *Williams v. Williams*, 950 S.W.2d 919, 924 (Mo.App.1997). Husband's point on appeal is granted with respect to the trial court holding that it had authority to enter a general judgment in the dissolution proceeding.

The judgment denying husband's Motion for Relief from Void Judgment is reversed. The case is remanded with directions to the trial court to enter judgment consistent with this opinion and to further determine the status of all other issues addressed by the dissolution judgment; that the trial court determine whether there was in rem jurisdiction to address the res that was before that court.[5]

SHRUM and BARNEY, JJ., concur.

---

**5.** The trial court has not addressed whether it had in rem jurisdiction; therefore, that question is not considered by this court as part of this appeal. An issue will not be addressed on appeal prior to its determination by the trial court. *Scott v. Edwards Trans. Co.*, 889 S.W.2d 144, 147 (Mo.App.1994); *Boatmen's Bank of Southern Missouri v. Foster*, 878 S.W.2d 506, 508 (Mo.App.1994).