————O————

HELEN E. GOULD, *et al.*, Repondents, *vs.* J. T. CROW, Appellant.

1. *Divorce obtained in Indiana on order of publication—Effect of as to wife's claim of dower.*—A decree of divorce regularly obtained by a husband in Indiana, on an order of publication, without personal service, operates as a divorce in his favor in this State, so as to prevent his wife from claiming her dower in lands owned by him here. The decree when so pronounced is a judgment *in rem* and when not affected by fraud is valid everywhere; but when rendered on an order of publication can have no effect *in personam* extra-territorially.

2. *Divorce for wife's fault—Statute touching—Dower rights.*—The statute of Missouri, barring the wife's claim for dower after divorce granted by reason of her fault, (Wagn. Stat., 541, § 14) applies to all divorces,whether obtained in this or any other State, and whether obtained on personal service or by order of publication.

*Appeal from Franklin Circuit Court.*

*Jeffries & Crow,* for Appellant.

I. The judgment if conclusive—as undoubtedly it was—in Indiana, was conclusive everywhere else in this country. (2 Bish. Mar. & Div., p. 706.)

II. The divorce puts an end to all rights depending on the marriage and not actually vested as dower in the wife. (Dobson vs. Butler, 17 Mo., 87; Chenowith vs. Chenowith, 14 Ind., 2.)

*A. J. Seay,* for Respondents.

I. The Indiana divorce is a foreign judgment, and is subject to the law regulating foreign judgments. (Bouv. Law Dic. Vol. I, p. 536.)

It is indispensable that the court which rendered the judgment had "a lawful jurisdiction over the cause, over the thing and over the parties. If the jurisdiction fails as to either, it is treated as a mere nullity, having no obligation and entitled to no respect beyond the domestic tribunals. And this is equally true, whether the proceedings be *in rem* or *in personam,* or *in rem* and also *in personam.*" (Sto. Confl. Laws, § 586, and cases cited; 1 Greenl. Ev., § 450.)

"And if the jurisdiction over the *res* be well founded, but not over the person except as to the *res,* the judgment will not be either conclusive or binding upon the party *in personam,* although it may be *in rem.*" (Sto. Confl. Laws, § 592; Rose vs. Hunely, 4 Cr., p. 268-9; Reel vs. Elder, 62 Penn. St., 308; 9 Wall., 121.)

It is a universal principle of the common law, that any title or interest in the land can only be acquired or lost according to the law of the place where the same is situated. (Sto. Confl. Laws, §§ 186-7, and 365 and cases cited; also §§ 539-43; Waddle vs. Watts, 6 Pet., 387; 7 Cr. U. S., 115; 6 Wheat., 577; 9 Wheat., 465; 10 Wheat., 192; Mansfield vs. McIntyre, 10 Ohio St., 27; Colvin vs. Reed, 55 Penn. St., 375.)

ADAMS, Judge, delivered the opinion of the court.

This was an action for dower in a lot in the town of Union, in Franklin county, held by the defendant as purchaser from Robt. L. Jeffries, deceased.

Robt. L. Jeffries was the first husband of the plaintiff, Helen E. Gould. He was married to her in Missouri. Afterwards, in 1864, he obtained a divorce from her in the court of common pleas, in Vigo county, in the State of Indiana. She did not join in the conveyance under which the defendant holds the lot.

The defendant set up as a defense to this suit, the Indiana divorce, and the plaintiffs allege that the divorce was obtained by fraud, etc.

When the record of the Indiana divorce suit was offered as evidence by the defendant, the court excluded it and the defendant excepted. There was no evidence offered to impeach the Indiana judgment, and the only material question presented by this appeal is, whether the court erred in excluding it. On its face the record seems to be regular. The petition for the divorce alleges that the applicant, Jeffries, was a *bona fide* resident of Vigo county, in Indiana, at the time he applied for a divorce. It does not allege how long he had resided in that State. It alleges that the said Helen deserted him after he went to Indiana, and does not allege how long the desertion had existed. It also alleges other matters for the divorce.

There was no service of summons on the defendant, but there was an order of publication duly published, and the record of the decree states that the defendant, Helen, appeared by three attorneys, whose names are set forth in the decree. The record shows that the case was heard, and proof given, and upon the proof a decree for a divorce, in due form, was rendered. No plea or answer was put in for the defendant.

It is urged here that the Indiana act of the legislature confers exclusive jurisdiction on the Circuit Court in divorce suits. But the language of the act is not exclusive. The presumption is, as the common pleas court is a court of record.

and took jurisdiction of the case, that it had the right under the laws of Indiana to hear and determine the case.

There is nothing to show that the attorneys who appeared for the wife had any authority to do so. They did nothing but appear, and I shall consider the case as though the decree had been rendered without any appearance on her part, and simply on order of publication. The formality of such appearance may be required by the Indiana laws, and that may be the reason why the attorneys appeared for her.

As the case stands before us, the judgment being unimpeached, we must consider it as valid under the laws of Indiana. For although the petition does not allege the length of time the plaintiff had been domiciled, nor for how long a time his wife had deserted him, the presumption is that all these matters appeared in proof, and that the court was justified on the evidence in the cause to grant the divorce.

Of course, if Jeffries went to Indiana expressly to obtain the divorce, that would render it fraudulent and void as to his wife, but that question is not before us. Considering that the divorce was regularly obtained on a regular order of publication, did it operate as a divorce in Missouri so as to prevent the wife from claiming dower in the lands of Jeffries in Missouri? That is the question presented by this record for us to determine.

A divorce suit is a proceeding *in rem*. The status of husband and wife is the *res* to be acted on and dissolved by the decree. It is not simply a contract of marriage which is dealt with by a decree of divorce; but it is one of the chief domestic relations—the relation of husband and wife—deriving its rights and duties from a source higher than any contract, and uncontrollable by the parties themselves. The duties and rights derived from this relation are similar to those of parent and child, guardian and ward, and master and servant. After the relation is once established, the contract of marriage has performed its office, and the duties and rights of the parties result from the law and not from the contract. This status or relation attaches to each party, and goes with each to their respective domiciles if they happen to have separate domiciles.

Some courts hold that the wife cannot have a separate domicile from her husband; but this doctrine has been exploded and the current of authorities is that she may have a separate domicile for the purposes of divorce.

Every State or sovereignty has the right to determine the domestic relations of all persons having their domicile within its territory; and, therefore, where a husband or wife is domiciled within a particular State, the courts of that State can take jurisdiction over the status, and for proper causes act on this *rem* and dissolve the relation.

The decree so pronounced is a judgment *in rem*, and when not affected by fraud, it is valid everywhere, and under the constitution and laws of the United States, such decrees are entitled to full faith and credit in all the States and Territories. But such judgments when rendered on orders of publication, can only have effect upon the thing acted on by the decree, and such rights as are dependent upon that for their existence. Therefore, if a court, in severing the marriage tie, undertakes to render a decree *in personam* as to alimony, it can have no extra-territorial effect.

But the marriage status being acted on and dissolved by the decree, that relation becomes severed, and continues so in all other States and territories, and property rights dependent alone upon its continued existence must cease not only in the State where the decree is rendered, but in all other dominions. After such dissolution, neither party can claim rights dependent upon its continued existence. The husband is no longer entitled to courtesy in the wife's lands, or to recover to his possession her *choses* in action, and the wife's incomplete right to dower in his lands wherever situated, must cease. (See Harding vs. Alden, 9 Me., 140.)

These are the doctrines of the common law. There may be some statutory changes in some of the States, and hence the conflict in the decisions of some of the State courts on these questions.

This is the conclusion arrived at by Bishop in his celebrated treatise on Marriage and Divorce. After a thorough discus-

sion and citation of authorities, he says: "Still, in the absence of any statutory provision, the unwritten law of our States, in general, does not recognize the status of marriage in a woman who has no husband. Consequently it does not recognize in her the existence of property rights which hang directly upon the status." (See 2 Bish. Mar. & Div., 5 Ed., §§ 155 to 170, inclusive, and the authorities cited.)

By the statute laws of Missouri, if the husband be divorced for the fault of the wife, her right to claim dower in his lands ceases from the time the marriage status is severed. The section of the law referred to reads as follows: "If any woman be divorced from her husband for the fault or misconduct of such husband, she shall not thereby lose her dower; but if the husband be divorced from the wife, for her fault or misconduct, she shall not be endowed." (See Revised Laws 1855, 1 vol. 671, and 1 Wagn. Stat., 541, § 14.)

This section applies to all divorces, whether obtained in this or any other State, and whether obtained on personal service or by order of publication. (See Harding vs. Alden, 9 Me. 140.)

Under this view the court erred in excluding the Indiana divorce.

For this error, the judgment must be reversed and the cause remanded. All the judges concur.