STONE, Appellant, v. STONE, Respondent.

St. Louis Court of Appeals, November 17, 1908.

1. DIVORCE: Domicile of Plaintiff. Where a commercial traveler kept a room in the city of St. Louis, which place was the center of his activities, that was the place of his domicile, for the purpose of a proceeding for divorce.

2. ———: ———: Publication. A divorce suit is a proceeding both *in rem* and *in personam*, and in such suit a court by reason of the non-residence of the defendant, has no jurisdiction over the person of the defendant, but has jurisdiction over the status of the other party and can proceed to annul that status upon service of defendant by publication.

3. ———: Evidence: Plaintiff as a Witness. While corroboration of the evidence of plaintiff in a divorce suit, when the other party does not appear, is always desirable and should be demanded, yet if the facts and circumstances are such as to satisfy the court of the truth of the plaintiff's evidence and he makes out a clear case, by his own evidence, entitling him to a divorce, he should not be denied a decree upon the sole ground that his evidence was not corroborated as to the acts charged in the petition.

Appeal from St. Louis City Circuit Court.—*Hon. Matt. G. Reynolds,* Judge.

REVERSED AND REMANDED.

*Jas. M. Rollins* for appellant.

BLAND, P. J.—Action for divorce on the ground of desertion. The evidence shows that plaintiff and defendant were married on May 4, 1882, and separated January 16, 1906. It tends to show that both were elderly people at the time of their marriage and each had children by a former marriage; that defendant had a married daughter living in Canada and, saying she preferred to live with her daughter, without good cause, abandoned her husband January 16, 1906, and went to Canada to live; that plaintiff and defendant lived most of their married life in the city of Chicago, in the State of Illinois, and never acquired a matrimonial domicile in the State of Missouri; that plaintiff came to St. Louis, Mo., June 1, 1906, was first employed by Cella & Co., has been a traveling salesman since he came to St. Louis, has not kept house but has kept a rented room in St. Louis, and claimed said city as his place of residence since June 1, 1906. Plaintiff proved a good character. The service of notice of the suit was by publication. Defendant did not appear. After the close of plaintiff's evidence, and after due deliberation, the court handed down the following memorandum, omitting caption:

"The court finds that the plaintiff and defendant never lived in this State as husband and wife; that there never had been any matrimonial domicile here. That all of the acts charged against the defendant were committed in another State and prior to the plaintiff coming to this State. That there is no testimony to sustain any of the allegations of the plaintiff except the uncorroborated testimony of the plaintiff.

"That plaintiff's residence in this State is a little more than barely sufficient to enable him to invoke the jurisdiction of the court at all. The notice to defend-

ant is only constructive, by publication; the residence of plaintiff has been peripatetic in the city according to his own testimony.

"I feel it of uncertain and doubtful duration. Under all the conditions I am of opinion the decree should not be passed and the petition will be dismissed."

1. The seventeenth subdivision of section 4160, Revised Statutes 1899, reads: "The place where the family of any person shall permanently reside in this State, and the place where any person having no family shall generally lodge, shall be deemed the place of residence of such person or persons respectively." That place is deemed a man's domicile which he himself selects to be his home and which appears to be the center of his affairs. [Chariton Co. v. Moberly, 59 Mo. 238; Greene et al. v. Beckwith, 38 Mo. l. c. 387; Humphrey v. Humphrey, 115 Mo. App. 361.] Plaintiff's evidence shows that while he traveled from place to place as a salesman, St. Louis was the center of his activities; that he kept a rented room and had selected said city as his place of residence. If his evidence is to be believed, and there is nothing in the record showing or tending to show that he did not speak the truth, it is manifest that he is a resident of this State and had been for more than a year next before the commencement of his suit.

2. On the evidence that the parties at no time had a matrimonial residence in this State, and that the act of abandonment charged against defendant was committed in the State of Illinois, the learned trial judge seems to have entertained the opinion that the court acquired no jurisdiction over the subject-matter of the suit, or over the defendant, on service by publication only. Section 2924, Revised Statutes 1899, provides: "No person shall be entitled to a divorce from the bonds of matrimony who has not resided within the State one whole year next before filing of the petition, unless the offense or injury complained of was committed within this State, or whilst one or both of the parties resided

within this State." Under this section it is essential to confer jurisdiction, that the petition allege either that the plaintiff has resided in this State one whole year next before the filing of the petition, or that the injury complained of was committed within this State, or whilst one or both parties resided within this State. [Cheatham v. Cheatham, 10 Mo. l. c. 299.] The petition alleged plaintiff had resided in the State one whole year next before filing of the petition and therefore, as to jurisdiction, brought the case within the first clause of section 2924, supra, and was sufficient to confer jurisdiction on the court, unless the notice of the suit by publication was insufficient to confer jurisdiction over the subject-matter. In Ellison v. Martin et al., 53 Mo. l. c. 578, it is said: "A divorce suit is a proceeding *in rem*, and the *res* is the status of the plaintiff in relation to the defendant, to be acted on by the court. This relation being before the court in the person of the plaintiff, the court acts on it, and dissolves it by a judgment of divorce." In Hamill v. Talbott, 81 Mo. App. l. c. 214, it is said: "It is in effect conceded that a suit for divorce is one both in *rem* and *in personam,* and if the court by reason of the non-residence has no jurisdiction over one of the parties, but has jurisdiction over the status of the other party, it can proceed to annul such status, this being a matter *in rem*. But it cannot fix the collateral rights of property of the absent party unless he has been served with process within the jurisdiction. The jurisdiction *in rem* is sufficient to undo the vinculum of the marriage, or, in other words, to dissolve the marriage status." In Burge v. Burge, 94 Mo. App. 15, Hamill v. Talbott is approvingly cited, and in McDermott v. Gray, 198 Mo. l. c. 285, the following quotation from Burge v. Burge, is approved: "A proceeding for divorce, where the defendant is a non-resident of the State, and is notified by publication, is that *in rem* or *quasi in rem,* and no reason is seen why the rules to which we have referred

as applicable in tax cases are not equally applicable in proceeding like the present." The rule referred to in tax cases, is that a court acquires jurisdiction in such suits over the *res* on an order of publication if the *res* and nature of the proceeding is sufficiently described in the notice. Under the statute and the foregoing decisions of our appellate courts, we think the circuit court acquired jurisdiction to dissolve the marriage, provided plaintiff had resided in this State one whole year next before the filing of the petition. In arriving at this conclusion, we are not unmindful of the fact that courts in other jurisdictions of the highest character have denied jurisdiction over the status of marriage in the circumstances shown by the record before us. We are not concerned about these rulings but are controlled by our own statutes on the subject of divorce and by the rulings of our own appellate courts in defending the status of marriage and adjudicating the processes and proceedings by which the bonds of matrimony may be dissolved.

4. The learned trial judge in his memorandum mentions the fact that plaintiff's evidence in regard to the alleged abandonment by his wife was not corroborated. The statute admitting parties to testify in their own behalf in suits for divorce does not discredit their testimony by requiring corroborative evidence where the complaining party is the only witness to the offenses charged against the other party, but places him upon the same footing, as to his credibility, as a disinterested witness and makes the trier of the facts the judge of his credibility and of the weight to be given his testimony. In weighing his evidence and determining his credibility, his interest in the result of the suit and all other facts and circumstances shown in the case should be taken into account. Corroboration of the evidence of the plaintiff in a divorce suit, when the other party does not appear or testify, is always desirable and should be demanded, when it can be reason-

ably produced, for it is a dangerous proceeding to award a decree of divorce upon the uncorroborated evidence of the plaintiff, and a court should hesitate to grant a divorce in such circumstances. But if the facts and circumstances shown are such as to satisfy the court of the truth of plaintiff's evidence, and he makes out a clear case by his own evidence, entitling him to a divorce, and he shows a good character and that he was not himself an offender, then he should not be denied a decree on the sole ground that he was not corroborated as a witness to the acts charged in the petition. From the evidence in the record and the memorandum of the learned trial judge, we think plaintiff is entitled to a new trial, therefore, we reverse the judgment and remand the cause. All concur.