**STATE of Missouri ex rel. Georgia L. MILLER, appearing specially, Relator,**

**v.**

**Honorable Douglas L. C. JONES, Judge of the Circuit Court of St. Louis County, Respondent.**

**No. 30789.**

St. Louis Court of Appeals, Missouri.

Sept. 19, 1961.

William H. Wyne, Jr., Wyne & Delworth, Clayton, for relator.

Edgar T. Farmer, Fordyce, Mayne, Hartman, Renard & Stribling, St. Louis, for respondent.

BRADY, Commissioner.

This is an original proceeding brought by Georgia L. Miller, who appears specially for this purpose only, seeking this court's writ to prohibit the respondent from proceeding to trial upon a petition for divorce filed in the circuit court of St. Louis County by her husband, Romie H. Miller. Upon the petition for the writ being filed, this court waived the five days' notice provided by Rule 83.22, Missouri Rules of Civil Procedure, V.A.M.R., and granted the relator five days to file her suggestions in support of her petition, and granted respondent time to file his suggestions thereafter. Upon these suggestions being filed, we duly considered the matter and ordered our preliminary writ to issue, prohibiting any further proceedings in the trial court until our final determination of the matter. Respondent waived service and filed his return, whereupon we granted relator time to plead to the return and respondent time to reply to that pleading. These pleadings being filed, we set the case for our May docket and upon motion of all the parties granted leave to submit the matter upon the pleadings and suggestions filed.

The petition for the writ states that the relator is a resident of the State of Colorado and appears specially only for the purpose of securing the writ; that she filed suit for divorce against Romie H. Miller, her husband, on August 15, 1960, in the District Court of Jefferson County, Colorado; that Romie H. Miller was personally served by the sheriff of St. Louis County on August 18th of that year; that on the same day he was served, Romie H. Miller filed suit in the Circuit Court of St. Louis County, Missouri, against the relator; that on that day service by mail was ordered but that service was not had; that on September 9, 1960, service by publication was ordered but failed; and that on October 4, 1960, the relator was finally served by mail. The petition further alleged that relator, by her attorney, entered a special appearance in the Missouri action for the purpose of filing a motion to dismiss upon the grounds that the Colorado court had acquired prior jurisdiction and, in support of that motion, attached Exhibits A and B thereto, Exhibit A being a true copy of the complaint filed in the Col-

orado court together with the clerk's certificate that such action was filed on August 15, 1960, and Exhibit B being a true copy of the return of service of summons together with a certificate from the clerk that such service was had on August 18, 1960, by the sheriff of St. Louis County, all of which exhibits are incorporated into the petition for our writ by specific reference thereto; and that this motion to dismiss was overruled and the cause set for hearing. The petition also alleged that relator has no adequate remedy at law; that the action of the trial court in proceeding on the Missouri case would be in excess of the circuit court's jurisdiction, and concluded by praying for the issuance of our writ to prohibit respondent from so proceeding.

The respondent's return was directed to the petition for the writ, instead of to the writ, and admits all the allegations thereof except that it denies the prior jurisdiction of the Colorado court, that the act of proceeding with the Missouri case would be without, or in excess of, respondent's jurisdiction, and that the relator has no adequate remedy at law. The return further states that while the Colorado court "may have acquired a jurisdiction herein which was prior in time to that of the respondent's Court, the Colorado Court did not acquire a jurisdiction which is superior to that of the Courts of the State of Missouri * * *" nor such a jurisdiction that would negate the right of respondent to proceed with the same subject matter; that the defense of a prior suit is not applicable "to a situation such as the instant controversy wherein the second suit takes the form of cross-litigation * * *"; that "The decision as to whether or not respondent should or should not have entertained the instant litigation rests solely upon the doctrine of comity and thus is a matter to be determined within the discretion of the respondent", and as such is an act within his lawful judicial powers. The return also alleges that "complete relief" can "only be afforded by the Courts of the State of Missouri."

The relator filed what is denominated "Relators' Answer to Respondent's Return", and the respondent filed what is denominated "Respondent's Reply", but neither paper can qualify as a pleading. See Section 530.050 RSMo 1959, V.A.M.S. That section of our statutes provides:

"The defendant may direct a motion to the petition or make return to the preliminary order, and when the return is made the plaintiff may plead thereto, if desired, by way of reply, within such time as the court may direct."

It is obvious that what relator denominated as her "Answer" is the reply provided for by § 530.050, supra. However, neither of these papers reach the distinction of pleadings. They are narrative in form and consist completely of argument. Neither paper admits or denies in proper form any portion of the pleading to which it should be directed, nor does either contain any allegations, in proper pleading form, of any new matter. It should here be noted that it is this court's practice, as it is of the Supreme Court of this state, to serve notice of such writ as herein applied for upon counsel seeking to uphold the action sought to be prohibited, and for such counsel to represent also the judge or court against whom the writ is sought, State ex rel. Siegel v. Strother, 365 Mo. 861, 289 S.W.2d 73. If counsel are interested in the proper pleadings in a prohibition matter, they are easily discoverable. See Sections 530.040 and 530.050 RSMo 1959, V.A.M.S. Since counsel for the respondent did not direct a motion to the petition, but elected to make a return in which he treated the petition as the preliminary order, and since counsel for relator did not file a proper reply to that return, the matter before us is delineated by the petition and the return. We will treat "Relators' Answer to Respondent's Return" and "Respondent's Reply" as additional suggestions filed in support of the positions of the relator and the respondent respectively.

■ Prohibition is a prerogative writ primarily preventive in character, the function of which is to prevent the judicial person or body to which it is directed from acting in a case or proceeding in which it has no jurisdiction, or acting in excess of its jurisdiction. State ex rel. City of Mansfield v. Crain, Mo.App., 301 S.W.2d 415. Its issuance in a given case is addressed to our discretion, State ex rel. Industrial Properties, Inc. v. Weinstein, Mo. App., 306 S.W.2d 634; State ex rel. St. Louis County Transit Co. v. Walsh, Mo. App., 327 S.W.2d 713. In a prohibition proceeding, we are concerned only with the question of jurisdiction. State ex rel. Walker v. Crouse, 240 Mo.App. 389, 205 S.W.2d 749; Doyne et al. v. Saettele et al., 8 Cir., 112 F.2d 155. In a case somewhat similar to the instant case but involving a question of jurisdiction as between two circuit courts within this state, we held that prohibition was the proper remedy, State ex rel. Dunphy v. Eversole, Mo.App., 339 S.W.2d 506, and we think it the proper remedy in the instant case to test the jurisdiction of the respondent. Cutten v. Latshaw, Mo.App., 344 S.W.2d 257.

■ The general rule throughout the United States is that marriage is a contract and that, as well, it is a status or legal condition, Williams v. State of North Carolina (I), 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279, 143 A.L.R. 1273; and that each state has a legitimate and rightful concern with the marital status of persons domiciled within its borders. Howey v. Howey, Mo.Sup., 240 S.W. 450, certiorari denied 260 U.S. 730, 43 S.Ct. 92, 67 L.Ed. 485; Williams v. North Carolina (I), supra. An action for absolute divorce is not to be regarded as an ordinary adversary proceeding. Williams v. State of North Carolina (II), 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577. It is an action in personam insofar as it relates to certain contractual aspects of the marriage such as the right to alimony, etc., and it is a proceeding in rem, or at least quasi in rem, insofar as it relates to the dissolution of the marital status of parties.

Howey v. Howey, supra; Gould v. Crow, 57 Mo. 200; Williams v. State of North Carolina (I), supra; Williams v. State of North Carolina (II), supra. As has been pointed out by a distinguished author, see Nelson, 2d Ed., Divorce and Annulment, Vol, 2, § 21.01, at page 620, "The matter of jurisdiction in divorce cases is complicated by the fact that the usual present-day divorce suit is not merely a proceeding to terminate a marriage." Most such petitions contain other features, the inclusion of which is specifically or impliedly authorized by statute; such as, but not limited to, those stated in this case for custody of the minor children, alimony, and support for the children. "Jurisdiction to grant some such relief does not necessarily imply jurisdiction to grant all of it." Nelson, supra. So it is that in this case neither the Colorado District Court nor the Missouri Circuit Court, under the present state of the facts, could dispose of all the issues in either case. The relator seeks a divorce, alimony, custody of the minor children and support for them in the Colorado action. There is no question but that the Colorado court could award a divorce but since the service obtained upon her husband in Missouri was not personal service, it will not also support a judgment for alimony nor one for child support, should that judgment be brought to this state for enforcement. Stone v. Stone, 134 Mo.App. 242, 113 S.W. 1157; Moss v. Fitch, 212 Mo. 484, 111 S.W. 475, 127 Am.St.Rep. 568; Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278; Poole v. Poole, Mo.App., 287 S.W.2d 372; State ex rel. Silverman v. Kirkwood, Mo.App., 230 S.W.2d 513, transferred 361 Mo. 1194, 239 S.W.2d 332; Burton v. Burton, Mo.App., 243 S.W.2d 356; Ellison v. Martin, 53 Mo. 575. Romie H. Miller prays for a divorce and custody of the minor children in the Missouri action, but service was by publication, and the relator has not entered her appearance, nor are the children or the relator in this state. Under these facts, all that the Missouri court could adjudicate is the divorce. Moss v. Fitch, supra, Elvins v. Elvins, 176 Mo.App. 645, 159

S.W. 746; Beckmann v. Beckmann, Mo. App. 211 S.W.2d 536, affirmed in part and reversed on other grounds, 358 Mo. 1029, 218 S.W.2d 566. Compare Weiler v. Weiler, Mo.App., 331 S.W.2d 165.

We are not cited by the parties to any case previously decided in this jurisdiction wherein this exact question was raised in a divorce action. Neither have we been able to discover any. However, in Draper v. Louisville & N. Ry. Co., 348 Mo. 886, 156 S.W.2d 626, 627, the Supreme Court of this state recited the applicable rule in an action for damages for personal injuries. In that case, the court said at page 627, [1, 2], quoting from 1 C.J.S. Abatement and Revival § 63, p. 97:

> "the general rule, that the pendency of a prior action, between the same parties, for the same cause of action, whether at law or in equity, may be pleaded in abatement of a subsequent action therefor * * *, applies only where two courts have concurrent jurisdiction of the same cause of action and where the prior action is pending in one of such courts, and the subsequent action in another; and therefore such a plea, ordinarily, will not be sustained where the prior action is pending in a court of foreign or different jurisdiction, or, as otherwise expressed, where the two actions are pending in courts of different sovereignties, such as in courts of different states * * *, or countries, or in a federal and also in a state court."

See also 1 Am.Jur., Abatement and Revival, § 39, p. 42 et seq. To this same effect see the recent case of Cutten v. Latshaw, supra, [2, 3], wherein it is pointed out that while it is well settled in Missouri that where two actions involving the same subject matter are brought between the same parties in courts of concurrent jurisdiction within the state, the court in which service of process is first obtained acquires exclusive jurisdiction and the court in which the subsequent action is brought should sustain a plea in abatement, but that this rule does not necessarily apply where the prior action is pending in a court of a foreign jurisdiction such as in courts of different states.

The same rules have been said to apply to divorce actions in that the pendency of an action for divorce in one state will not require the abatement of an action for divorce subsequently brought in another state. 17 Am.Jur., Divorce and Separation, § 218, page 404 et seq.; Nelson, 2d Ed., Divorce and Annulment, Vol. 3, § 33.04, pp. 429–430. There have been numerous actions involving divorce proceedings in our sister states wherein this very point was expressly ruled. These cases are collected in Ann. Cas.1914A, page 1140, wherein it is said, "Every case passing on the question has held that a suit by one spouse for divorce is not barred or abated by the pendency in another state of a like suit by the other spouse." In Fairchild v. Fairchild, 53 N.J. Eq. 678, 34 A. 10, 11, the court said:

> "The pendency of a suit between the same parties, and for the same cause of action, in this state, is no bar to a subsequent suit brought in a sister state. The remedy of the defendant is to apply to the court in which the subsequent suit is brought to stay proceedings, or to refuse final judgment, until the suit here is determined; and the granting or refusal of such application is a matter of discretion in the court to which it is made."

In the case of Evans v. Evans, 186 S.W.2d 277, a decision of the Court of Civil Appeals of Texas, the defendant pleaded abatement to the Texas action, a previous action by the same plaintiff against her in Ohio. In that case the court did order a stay in the proceedings but it did so on the grounds that while the defendant's plea used the word, "abatement", it was actually a plea for a stay in the proceedings. The court stated, at page 279 of 186 S.W.2d:

> "While a 'stay of proceedings' and an 'abatement' are in some respects similar, they are not identical. Abate-

ment is a matter of right and the general rule is that, 'the pendency of a prior suit in one state cannot be pleaded in abatement or in bar to a subsequent suit in another state, even though both suits are between the same parties and upon the same cause of action.' 1 Am. Jur. 42. However, 'the court in which the second action is brought may in its discretion stay or suspend that suit, awaiting decision in the first one, or, influenced by a spirit of comity, may refuse to entertain it, if the same relief may be awarded in the prior suit.' 1 Am.Jur. 44. See also 1 C.J.S. Actions § 133, p. 1410; Sulz v. Mutual Reserve Fund Life Association, 145 N.Y. 563, 40 N.E. 242, 28 L.R.A. 379; Beneke v. Tucker, 90 Or. 230, 176 P. 183. Annotation—Propriety of staying action or proceeding pending another action or proceeding, 81 L.Ed. 161, particularly p. 176."

To the same effect is the later Texas case of Cohen v. Cohen, Tex.Civ.App., 194 S.W.2d 273. It should immediately be pointed out that there is no language in the relator's motion to dismiss filed before respondent that can reasonably be interpreted as a plea for a stay of proceedings, even assuming, and we are not to be understood as deciding, that there is and should be a distinction between those cases where the plea is for dismissal or abatement and those where the pendency of the earlier action is presented as the ground for staying proceedings. See the annotation in 19 A.L.R.2d beginning at page 301 concerning the propriety of a stay of proceedings. The relator's motion confined itself specifically and only to a request that the respondent enter his order " * * * dismissing this cause." When respondent refused to enter his order of dismissal and indicated that he was going to proceed with the trial, the relator filed this proceeding to prohibit him from doing so. In any event, it is clear from the authorities quoted above that the question of granting a stay in the proceedings is a matter for the re-

spondent's discretion, and of course, the manner in which the respondent should exercise his discretion is not a proper subject for prohibition.

There are some previous decisions in this state which, while not precisely in point, are of assistance to us. Keeping ever in mind that in a prohibition proceeding we are concerned only with the question of jurisdiction, State ex rel. Walker v. Crouse, supra, the cases of Gould v. Crow, supra, and Coffey v. Coffey, Mo.App., 71 S.W.2d 141, are clear guides to the proper determination of this question. In the case of Howey v. Howey, supra, 240 S.W. 450, a prior decree granted by the courts of a sister state was pleaded. The Supreme Court in Banc sustained that defense to a Missouri action for divorce upon a finding that the plaintiff had established a domicile in such state, holding that jurisdiction attached as result of the acquisition of such domicile. It is obvious that if the jurisdiction of the courts of a sister state attach because of the domicile within that state of the plaintiff, in the Howey case, the jurisdiction of the courts of this state must also attach because of the domicile of the plaintiff in the Missouri action pending before the respondent. The court cited Gould v. Crow, supra, and held that the rulings of the Gould case were as follows (240 S.W. 450 at page 454):

" * * * (1) a divorce suit is a proceeding in rem; (2) the status of husband and wife is the res; (3) this status attaches to each of the parties; (4) such status (the res) goes with each of the parties to their respective domiciles, if they happen to have separate domiciles; (5) the wife can have a separate domicile from the husband; (6) *every state has the sovereign right to determine the domestic relations of all persons having their domicile within its territory; (7) where either husband or wife has a domicile in the state, the courts of the state have jurisdiction over the status (the res), and for proper causes can dissolve the*

*marriage relation;* and (8) the decree so pronounced is a judgment in rem." (Emphasis supplied.)

Another clear indication of the jurisdiction of the respondent, the case of Coffey v. Coffey, supra, 71 S.W.2d 141 was a proceeding in equity to set aside a decree of divorce on the ground that it had been obtained by fraud, the wife's action for divorce being pending in Cook County, Illinois, when the husband filed his petition for divorce in Clark County, Missouri. This court held, at 71 S.W.2d loc. cit. page 142:

" * * * Under the legislative enactments of our state, judicial decrees of divorce to bona fide residents who comply with the statutory requirements, where statutory service merely is had upon the nonresident party, are valid. *When a husband and wife have separated and one of the parties becomes a resident of a state, or has his domicile therein, he or she may apply to the court of the state having jurisdiction over that party as a citizen thereof, and the court may dissolve the marriage, although the other spouse has never been within the jurisdiction of that state and owes no allegiance to it.* The status or condition of marriage is therefore necessarily held to be a thing, within the meaning of the law, that is attached to citizenship, or a domiciled person in the state, and the jurisdiction grows out of that thing. Brown on Jurisdiction (2d Ed.) § 78, p. 291.

"Every state or sovereignty has the right to determine the domestic relations of all persons having their domiciles within their territory, and, therefore, *where the husband or wife is domiciled within a particular state, the courts of that state can take jurisdiction over the status, and for proper*

*cause act on this rem and dissolve the relation.*" (Emphases supplied.)

Romie H. Miller's domicile in this state is undenied by relator. No allegation is made nor reason advanced for belief that this domicile is not bona fide. To the contrary, the plain inferences from the petitions of the parties is that Missouri was the domicile of these parties while they were living together. Each petition alleges the marriage as taking place in Clayton, Missouri, on November 11, 1939. Romie H. Miller's petition alleges that the parties lived and "were domiciled" in this state until August 9, 1959, when it is alleged relator left the home. Relator's petition merely alleges that she has lived in Colorado for more than one year next previous to the filing of her petition for divorce on August 15, 1960. The relator's petition alleges that " * * * the parties jointly own their family residence and various other items of property." Romie H. Miller's petition alleges that the parties had a home in St. Louis County, Missouri. Romie H. Miller is a bona fide resident of this state.

■■■ The respondent has jurisdiction to act upon the petition for divorce insofar as that petition deals with the marital status of the parties. This Court's preliminary rule should be quashed, and the petition dismissed. The Commissioner so recommends.

PER CURIAM.

The foregoing opinion of BRADY, C., is adopted as the opinion of the court. This Court's preliminary rule in prohibition is therefore quashed, and the petition dismissed.

ANDERSON, P. J., and RUDDY and WOLFE, JJ., concur.