**Sandra Kaye CAPUOZZO, Respondent,**

v.

**Giuseppe CAPUOZZO, Appellant.**

**No. 16180.**

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 5, 1990.

**164**

Mark A. Kennedy, Kennedy & Kennedy, Poplar Bluff, for appellant.

No appearance for respondent.

THEODORE B. SCOTT, Special Judge.

The marriage of the parties was dissolved by the Circuit Court of Butler County upon petition of respondent. No relief other than the dissolution was granted by the court.

Appellant challenges the jurisdiction of the trial court to dissolve the marriage.

The record shows that respondent is a United States citizen, an active member of the United States Navy, and at the time of entering military service, a resident of Butler County, Missouri. Appellant is an Italian citizen, a civilian employee of the United States Navy, and a resident of Italy.

The parties were married in Naples, Italy, in 1986, separated in February, 1988, and respondent filed her petition for dissolution in Butler County on March 10, 1988. Appellant was served by registered mail in Italy on March 24, 1988.

Appellant made a special entry of appearance to contest the jurisdiction of the court which was sustained as to respondent's request for custody of the children and overruled as to dismissing the petition for dissolution. He made no further appearances prior to the granting of a dissolution.

Appellant started proceedings on February 15, 1988, in Italy to dissolve the marriage and for custody of the two children born of the marriage. The record fails to show any service on respondent by the Italian court or that any relief was granted to appellant.

Did the Circuit Court of Butler County have jurisdiction to dissolve the marriage? Yes.

The petition alleges respondent was a resident of Butler County, Missouri, for at least 90 days preceding the filing of the petition. She testified confirming that allegation. The trial court's decree found the allegations of the petition to be true.

Missouri courts have used the terms "residence" and "domicile" interchangeably. In *Byars v. Byars*, 593 S.W.2d 656, 658 (Mo.App.1980), the court held that the term "resides" as used in the statute providing that dissolution of marriage proceedings be had in the county where plaintiff resides is equivalent to being "domiciled in."

Appellant misconstrues the jurisdiction of a court to dissolve a marriage.

"* * * (1) a divorce suit is a proceeding in rem; (2) the status of husband and wife is the res; (3) this status attaches to each of the parties; (4) such status (the res) goes with each of the parties to their respective domiciles, if they happen to have separate domiciles; (5) the wife can have a separate domicile from the husband; (6) every state has the sovereign right to determine the domestic relations of all persons having their domicile within its territory; (7) where either husband or wife has a domicile in the state, the courts of the state have jurisdiction over the status (the res), and for proper causes can dissolve the marriage relation; and (8) the decree so pronounced is a judgment in rem." *State ex rel. Miller v. Jones*, 349 S.W.2d 534, 539–40 (Mo. App.1961).

Judgment affirmed.

CROW, P.J., GREENE, J., and JAMES L. EIFFERT, Special Judge, concur.